

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 8, 1960

Honorable Ralph Prince
Criminal District Attorney
Box 2403
Longview, Texas

Opinion No. WW-773

Re: Questions concerning
House Bill 48, Acts
56th Legislature, Se-
cond Called Session,
relating to issuance
of marriage licenses

Dear Mr. Prince:

by the County Clerk.

You have requested an opinion concerning
House Bill 48, Acts 56th Legislature, Second Call-
ed Session, 1959, Chapter 20, Page 113, on the
following three questions which we quote from
your request:

"Question 1: Must the doctor's
certificate and written parental con-
sent provided for in Sec. (a) be <u>ack-
nowledged</u> or should it be sworn to as
an affidavit?

"Question 2: Must the clerk re-
tain all original marriage licenses
returned to him, only those issued
on doctor's certificate and written
parental consent, or in <u>no</u> instance?

"Question 3: By authority of
Sec. (c) may the county judge waive <u>all</u>
requirements of Secs. (a) and (b), spe-
cifically the three (3) day waiting
period for a male under twenty-one (21)
years or a female under eighteen (18)
years? If not, what requirements may
he waive? "

The relevant portions of House Bill No. 48 are as follows:

"Section 1. Article 4605 of the Revised Civil Statutes of Texas, 1925, is amended to read as follows:

"'Article 4605. Consent of parent or guardian and issuance of license.

"'(a). Any unmarried male of the age of twenty-one (21) years or upwards, or any unmarried female of the age of eighteen (18) years or upwards and not otherwise disqualified, is capable of contracting and consenting to marriage; but no female under the age of eighteen (18) years and no male under the age of twenty-one (21) years shall enter into the marriage relation, nor shall any license issue therefor, except upon the consent and authority expressly given by the parent or guardian of such underage applicant in the presence of the authority issuing such license; provided further that if the certificate of a duly licensed medical doctor or osteopath, acknowledged before an officer authorized by law to take acknowledgments and stating that such parent or guardian is unable by reason of health or incapacity to be present in person, is presented to such licensing authority, the license may issue on the written consent of such parent or guardian, acknowledged in the same manner as the accompanying medical certificate. Any such certificate and written permission shall be retained by the official issuing the marriage license, together with the returned license. Nothing herein shall be construed to effect the issuance of a marriage license in a seduction prosecution. If a minor has neither parent or guardian, then the clerk shall not issue a license without the consent of the county judge of the county of the residence of such minor, such consent to be in writing and signed and acknowledged by such county judge.

"'(b). The county clerk, upon application in writing signed and sworn to in person before him by both of the parties to be married setting forth their places of residence and setting forth their full names and ages as the same appear upon a certified copy of birth certificate, or upon a current motor vehicle operator's, chauffeur's, or commercial license or upon a current voter's registration certificate, or upon a current passport or visa or upon any other certificate, license or document issued by or existing pursuant to the laws of any nation or of any state or other governmental subdivision thereof, when each such document accepted as proof of identity and age is described with reasonable particularity in the application shall also set forth that such persons to be married are not disqualified or incapable of entering into the marriage relation, nor of the relationship prohibited by law, and being satisfied of the truth and sufficiency of such application and that there is no legal impediment to such marriage, and after application for such marriage license has issued, shall issue the license authorizing such marriage; provided however, that in the event the male party is under the age of twenty-one (21) years or the female party is under the age of eighteen (18) years such application shall have been on file in the County Clerk's office for a period of not less than three (3) days.

"'(c). Provided however, that the county judge in his discretion may waive the requirements listed in (a) and (b) above.'"

With regard to your first question, it is our opinion that, whatever might be said in favor of a requirement that these documents be sworn to, the requirement of paragraph (a) of House Bill 48 is plainly that the physician's certificate and parental consent be acknowledged "before an officer authorized by law to take acknowledgments", rather than being sworn to.

With regard to your Question 2, it was held in

Attorney General's Opinion No. WW-751 (1959) that House Bill No. 48 does not direct the Clerk to retain the returned marriage license in any instance; accordingly, only your Question 1, just discussed, and Question 3 remain open for determination in the present opinion.

With regard to your Question 3, it is our opinion that paragraph (c) of Section 1 of House Bill 48, in stating "provided however, that the county judge in his discretion may waive the requirements listed in (a) and (b) above", is intended to vest in the county judge authority to waive all requirements contained in paragraphs (a) and (b) of Section 1. There remains the question of which provisions of paragraphs (a) and (b) constitute "requirements" within the contemplation of paragraph (c). It is sufficient to say, however, without undertaking to enumerate these provisions individually, that the effect of paragraph (c) is that all acts which by virtue of House Bill 48, Section 1, are required to be performed by any person as a condition for the proper issuance of a marriage license, may be held by the county judge in his discretion to be unnecessary for such issuance. Thus, for example, paragraph (c) is applicable--though not exclusively so-- to the requirement contained in paragraph (b) that the clerk shall not issue a license to certain applicants unless the application shall have been on file in the county clerk's office for a period of not less than three days.

## SUMMARY

(1) Paragraph (a) of Section 1 of House Bill 48, Acts 56th Legislature, Second Called Session, 1959, Chapter 20, Page 113, requires that the physician's certificate and written parental consent provided for therein must be acknowledged rather than being sworn to.

(2) Paragraph (c) of Section 1 of House Bill 48 vests in

the county judge authority to
waive all requirements contain-
ed in paragraphs (a) and (b) of
Section 1 of House Bill 48.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Lawrence Hargrove

Lawrence Hargrove
Assistant

LH:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Grundy Williams
John Reeves
C. Dean Davis
Bob Eric Shannon

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore